**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Robert SPRAGGINS, a/k/a Bob Staggs, Defendant-Appellant.**

**No. 88-3824**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

April 5, 1989.

[redacted]

[redacted]

[redacted]

[redacted]

James H. Burke, Jr., Asst. Federal Public Defender, Jacksonville, Fla., for defendant-appellant.

Robert P. Storch, Asst. U.S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before TJOFLAT, ANDERSON and COX, Circuit Judges.

PER CURIAM:

The Supreme Court has declared that the Sentencing Guidelines promulgated by the United States Sentencing Commission are constitutional, *Mistretta v. United States,* — U.S. ——, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989); this court, therefore, must begin the task of formulating what inevitably will become an immense body of jurisprudence by reviewing those cases in which the appellant challenges the district court's application of the Guidelines in determining the sentence imposed. Robert Spraggins' appeal is such a case. Spraggins plead guilty to an indictment which alleged that he had violated 18 U.S.C.A. § 2252(a)(2) & (b) by receiving materials through the mail which depicted minors engaging in sexually explicit conduct. Subsequently, he was sentenced pursuant to the Guidelines—the crime having occurred after November 1, 1987, *see* 18 U.S.C.A. § 3551 (West Supp. 1988)—but the sentence imposed by the district court, 37 months, varied from the 12–18 month guideline range calculated in the presentence investigation report. Spraggins appeals, arguing that the district court misapplied the guidelines, *see* 18 U.S.C.A. § 3742(a)(2) (1985), and that its substantial departure from the guideline range is unreasonable, *see* 18 U.S.C.A. § 3742(a)(3)(A) (1985).

Spraggins advances two specific arguments. First, he contends that he manifested acceptance of responsibility for the criminal conduct alleged in the indictment by confessing his misdeeds to the arresting officers and court-appointed psychiatrist and by consenting to post-arrest, warrantless searches of his residence and workplace. As such, so Spraggins' argument goes, he wrongfully was denied the offense level adjustment provided for in section 3E1.1 of the Sentencing Guidelines.

Section 3E1.1 directs the district court to reduce the offense level by two levels "[i]f the defendant *clearly* demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct," Guidelines § 3E1.1(a) (emphasis added), but cautions that "[a] defendant who enters a guilty plea is not entitled to a sentencing reduction under this section as a matter of right," Guidelines § 3E1.1(c). Rather, in determining whether a defendant has accepted responsibility, the court is referred to a non-exhaustive list of factors, including:

(a) voluntary termination or withdrawal from criminal conduct or associations;

.        .        .        .        .

(c) voluntary and truthful admission to authorities of involvement in the offense *and related conduct;*

(e) voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense;

... and

(g) the timeliness of the defendant's conduct in manifesting acceptance of responsibility.

Guidelines § 3E1.1 commentary at 3.21 (1988) (emphasis added). Because the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility, the court's determination "is entitled to great deference on review and should not be disturbed unless it is without foundation." *Id.* at 3.22. Moreover, "[t]he court of appeals ... shall accept the findings of fact of the district court unless they are clearly erroneous." 18 U.S.C.A. § 3742(d) (West Supp.1988).

The court below reasoned that Spraggins, having been caught in the act, confessed this crime and consented to warrantless searches simply to avoid a lengthy term of incarceration. This opinion was based in part on a perception that Spraggins, despite his protestations to the contrary at the sentencing hearing, continued to molest children after being released from a prior term of incarceration following conviction for a similar offense. In 1969, he was convicted of lewd and lascivious assault upon a child, a kindergarten student, and since that time, as Spraggins revealed in the letters he penned soliciting the pornographic materials for which he now stands convicted of receiving, he has molested many children—hundreds, according to the letters. Thus, the district judge, considering those factors properly considered under section 3E1.1, determined that Spraggins' admission was untimely and did not encompass all the conduct related to the particular offense alleged in the indictment. Having considered the factors relevant to the acceptance of responsibility determination and the district court's stated reasons for its decision, *see* 18 U.S.C.A. § 3742(d)(3) (West Supp.1988), we affirm this aspect of the sentence. The court's findings of fact have not been shown to be clearly erroneous, and its decision to deny credit for acceptance of responsibility pursuant to section 3E1.1 is not without foundation.

■ Spraggins' second challenge concerns the district court's enhancement of the criminal history category [1] from category I to category IV. Several reasons were articulated for this substantial departure, *see* 18 U.S.C.A. § 3553(b) (West Supp.1988), including: (1) the 1969 conviction, which is ancient enough to prevent enhancement as a prior criminal conviction, *see* Guidelines § 4A1.1; (2) a factual finding that Spraggins has continued to molest children and that his acts have had a devastating effect on the children involved, particularly one eighteen year old who presently is incarcerated for sexual misconduct of his own; and (3) the need to deter Spraggins from molesting children in the future. Spraggins concedes that a departure to category III would be appropriate, but argues that the departure to category IV is unreasonable. We disagree.

The sentencing court may depart from the applicable guideline range "[i]f reliable information indicates that the criminal history category does not adequately reflect

---

1. Criminal history category is one of the two parameters utilized by the Sentencing Commission in constructing the table that dictates the guideline range from which a sentence, absent a departure, will be imposed. *See* Guidelines Ch. 5, Pt. A. The category is determined in major part by the defendant's prior criminal conduct. *See* Guidelines Ch. 5, Pt. A. According to the commission, this inquiry is directly relevant to the four purposes of sentencing, *see* 18 U.S.C.A. § 3553(a)(2)(1985), because [a] defendant with a record of prior criminal behavior is more culpable than a first offender and thus deserving of greater punishment. General deterrence of criminal conduct dictates that a clear message be sent to society that repeated criminal behavior will aggravate the need for punishment with each recurrence. To protect the public from further crimes of the particular defendant, the likelihood of recidivism and future criminal behavior must be considered. Repeated criminal behavior is an indicator of a limited likelihood of successful rehabilitation. Guidelines Ch. 5, Pt. A introductory comment.

the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes...." Guidelines § 4A1.3. Illustrative of the type of information that might justify departure in a particular case are "prior sentence(s) not used in computing the criminal history category ...," Guidelines § 4A1.3(a), and "prior similar adult criminal conduct not resulting in a criminal conviction," Guidelines § 4A1.3(e). Spraggins' conviction in 1969 is of the former type, and his revelation that he has molested many children, which the district court found to be factual, a finding which has not been shown to be clearly erroneous, *see* 18 U.S.C.A. § 3742(d) (West Supp.1988), is of the latter type. Based on this information, which the defendant does not argue is unreliable, the district court reasonably could conclude that criminal history category IV more adequately reflects the seriousness of Spraggins' criminal history and the likelihood of recidivism than does category III.

AFFIRMED.