**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Donna K. DAVIS, Defendant–Appellant.**

No. 88–3794.

United States Court of Appeals,
Eleventh Circuit.

July 13, 1989.

**1300**

David T. Weisbrod, Tampa, Fla., for defendant-appellant.

Susan Daltuya, Asst. U.S. Atty., Ft. Myers, Fla., for plaintiff-appellee.

Before TJOFLAT and VANCE, Circuit Judges, and PITTMAN *, Senior District Judge.

PER CURIAM:

Donna Kay Davis pled guilty to one count of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846. On appeal she challenges only her sentence. Finding no error, we affirm.

■ Appellant's indictment charged her with conspiracy to violate 21 U.S.C. § 841(b)(1)(B), which mandates a term of not less than five and not more than forty years of imprisonment for possession of 500 grams or more of cocaine. Pursuant to the terms of a plea agreement, however, she pled guilty to an information charging a violation of section 841(b)(1)(C), which imposes no mandatory minimum sentence and does not specify a particular quantity of narcotics. She argues that having pled guilty to subsection (C), which she contends implicitly applies to possession of fewer than 500 grams of cocaine, it was improper for the district court to consider the 2009 grams of cocaine that were involved in the offense of conviction in determining her base offense level under the federal sentencing guidelines.

We agree with the sentencing court's calculation of appellant's base offense level. The record reveals that appellant was aware at the time she entered into the plea agreement that she could be held responsible for the entire 2009 grams involved in the conspiracy.

■ Appellant next argues that the sentencing court improperly characterized her as a "minor participant" rather than as a "minimal participant" under the guidelines. The guideline states:

Based on the defendant's role in the offense, decrease the offense level as follows:

(a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.

(b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.

Section 3B1.2. The district court's decision to classify her as a minor participant was based on its conclusion that appellant's full "understanding of the scope and nature of the enterprise" precluded a designation of minimal participant status. We agree with the district court's conclusion and hold that the record supports the court's factual finding that appellant was a minor participant in the scheme.

■ Appellant also disputes the sentencing court's failure to award her a two point reduction for acceptance of responsibility under section 3E1.1 of the guidelines. That section permits the court to reduce the defendant's offense level by two levels "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." Guidelines section 3E1.1. In this case appellant expressed remorse for her actions but refused to implicate other participants in the conspiracy. The court ex-

* Honorable Virgil Pittman, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

pressed its opinion that the question was a close one, but concluded that her continued drug use while out on bond was inconsistent with having accepted responsibility for her criminal conduct. The sentencing court's determination with respect to a defendant's acceptance of responsibility "is entitled to great deference on review and should not be disturbed unless it is without foundation." *United States v. Spraggins*, 868 F.2d 1541, 1543 (11th Cir.1989) (quoting Guidelines section 3E1.1, note 1(a), commentary at 3.22). We conclude that there was ample evidence to support the district court's determination that appellant had not demonstrated an acceptance of responsibility entitling her to a reduced offense level.

■ Appellant's final contention is that she was entitled to a downward departure from the sentence specified under the guidelines. The district court considered her request for a departure and declined to grant it. Its decision is not subject to challenge. *See* 18 U.S.C. § 3742(a).

Accordingly, the judgment of the district court as to appellant's sentence is AFFIRMED.