881 F.2d 1077
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marty Scott SLATTEN, Defendant-Appellant.
 No. 89-5032.
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1989.
 
 1
 Before MERRITT and KENNEDY, Circuit Judges, and NICHOLAS J. WALINSKI, Senior District Judge*.
 
 ORDER
 
 2
 Slatten appeals his sentence imposed after his plea of guilty to a violation of 18 U.S.C. Sec. 751(a), escape from federal custody. After filing a brief pursuant to Sixth Circuit Rule 12(d)(3), Slatten's counsel moves to withdraw as counsel. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App. P. 34(a).
 
 
 3
 Slatten failed to return to a halfway house in Bowling Green, Kentucky, while he was serving the end of his two year sentence for possession of a firearm by a convicted felon. Three weeks after he failed to return, Tennessee police officers arrested him. The officers found three checkbooks and a video cassette recorder in his vehicle. Slatten refused to discuss the checkbooks and the recorder with the officers.
 
 
 4
 After he was charged with escape, Slatten decided to plead guilty. He cooperated fully with the probation officer, and told him that he had passed bad checks during the period of time after he failed to return to the halfway house. The probation officer therefore recommended that Slatten receive a two level reduction in his sentence for acceptance of responsibility. U.S. Sentencing Comm'n, Sentencing Guidelines and Policy Statements, Sec. 3E1.1 (1988).
 
 
 5
 At sentencing, the government opposed the two level reduction for acceptance of responsibility. The district court heard evidence from both parties and agreed with the government's position. It sentenced Slatten to 33 months; the court explicitly noted that this sentence fell within both the guideline ranges advocated by the government and by the defense.
 
 
 6
 On appeal, Slatten's counsel has filed an Anders brief. Anders v. California, 386 U.S. 738, 744 (1967). In his brief, counsel correctly notes that the constitutionality of the Sentencing Reform Act has now been established by the Supreme Court. Mistretta v. United States, 109 S.Ct. 647 (1989). Counsel also correctly notes that the issue concerning the acceptance of responsibility lacks merit. Disputes over the applicable guideline range may be left unresolved if the sentence falls under either guideline range in question. United States v. Bermingham, 855 F.2d 925, 931 (2d Cir.1988). Because the district court explicitly chose a sentence that fell under either guideline range, the issue may be left unresolved.
 
 
 7
 Even if this court chose to reach the issue, it lacks merit. The acceptance of responsibility is a factual issue subject to a clearly erroneous standard of review. 18 U.S.C. Sec. 3742(e); United States v. Franco-Torres, 869 F.2d 797, 799 (5th Cir.1989); United States v. Spraggins, 868 F.2d 1541, 1543 (11th Cir.1989) (per curiam). The district court found that Slatten's failure to withdraw from the crime, to surrender to the police officers, and to cooperate with the arresting authorities outweighed his cooperation with the probation officer. These findings of fact are not clearly erroneous.
 
 
 8
 The motion to withdraw as counsel is granted. The judgment of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.
 
 
 
 *
 The Honorable Nicholas J. Walinski, Senior U.S. District Judge for the Northern District of Ohio, sitting by designation