**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Edgar Alexander WALLACE,**
**Defendant–Appellant.**

**No. 89–5689**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

June 27, 1990.

Kathy Hamilton, Coconut Grove, Fla., for defendant-appellant.

Anne M. Hayes, Linda Collins–Hertz, Dawn Bowen, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before ANDERSON and CLARK, Circuit Judges, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

On March 8, 1988, a jury found defendant Edgar Alexander Wallace guilty of (1) knowingly and intentionally attempting to possess with intent to distribute marijuana in violation of 21 U.S.C. § 841 and (2) knowingly and intentionally using a telephone in the committing, causing, and facilitating the commission of a felony in violation of 21 U.S.C. §§ 843(b), 843(c). On appeal, Wallace challenges certain evidentiary rulings made by the district court during trial. These claims have no merit and warrant no discussion. Additionally, he argues that certain of the district court's factual findings during sentencing were erroneous. Finding no error, we affirm the convictions and sentence imposed.

Wallace contests the district court's application of the sentencing guidelines to the facts of his case. He argues that the district court erred by increasing his base offense level by two levels pursuant to Guideline Section 3C1.1 because the court believed that Wallace committed perjury while testifying. Similarly, Wallace contends that the district court was clearly erroneous in not awarding a two level reduction for acceptance of responsibility pursuant to Guideline Section 3E1.1.

Pursuant to § 3C1.1, a district court may increase a defendant's offense level by 2 levels if the defendant testifies untruthfully concerning a material fact during the course of judicial proceedings. *See* § 3C1.1, Application Note 1(c). Section 3C1.1 is not designed to punish a defendant for exercising his or her constitutional right to plead not guilty. § 3C1.1, Application Note 3. In other words, an individual defendant cannot be assessed an increase under § 3C1.1 simply because he or she pleads not guilty, thereby requiring the government to prove beyond a reasonable doubt the allegations in the indictment. Such conduct constitutes the exercise of a constitutional right for which no increased punishment is permissible. *See North Carolina v. Pearce*, 395 U.S. 711, 723–25, 89 S.Ct. 2072, 2080–81, 23 L.Ed.2d 656 (1969).

In contrast, however, the giving of false testimony under oath is not imbued with any such constitutional protection. *United States v. Grayson*, 438 U.S. 41, 54, 98 S.Ct. 2610, 2617, 57 L.Ed.2d 582 (1978) (constitutional right to testify on one's own behalf "is narrowly the right to testify *truthfully* in accordance with the oath") (emphasis added). Thus, to the extent that § 3C1.1 serves to increase punishment of those defendants who testify falsely under oath concerning material facts, the guideline merely embodies the pre-guideline sentencing caselaw that an individual who testifies untruthfully often is more deserving of greater punishment for having chosen to willfully present false testimony under oath. *See Grayson*, 438 U.S. at 52, 98 S.Ct. at 2616 ("the defendant's readiness to lie under oath—especially when ... the

trial court finds the lie to be flagrant—may be deemed probative of his prospects for rehabilitation"); *United States v. Lopez,* 898 F.2d 1505, 1512 (11th Cir.1990). *Accord United States v. Beaulieu (John),* 900 F.2d 1537 (10th Cir.1990) (§ 3C1.1's enhancement for giving false testimony comports with pre-guidelines law and does not violate a defendant's constitutional right to testify); *United States v. Wagner,* 884 F.2d 1090, 1098 (8th Cir.) (same), *cert. denied,* —— U.S. ——, 110 S.Ct. 1829, 108 L.Ed.2d 958 (1990); *United States v. Acosta–Cazares,* 878 F.2d 945, 953 (6th Cir.) (same), *cert. denied,* —— U.S. ——, 110 S.Ct. 255, 107 L.Ed.2d 204 (1989).

■ In determining whether a defendant's testimony was false and that an enhancement under § 3C1.1 is appropriate, the Sentencing Commission has cautioned that "suspect testimony and statements should be evaluated in a light most favorable to the defendant." § 3C1.1, Application Note 2. This cautionary note does not mandate the resolution of every conflict in testimony in favor of the defendant; rather, it "simply instructs the sentencing judge to resolve in favor of the defendant those conflicts about which the judge, after weighing the evidence, has no firm conviction." *United States v. Franco–Torres,* 869 F.2d 797, 800 (5th Cir.1989). Because the actual determination as to whether a defendant testified untruthfully is a finding of fact, *United States v. Beaulieu (John),* 900 F.2d 1537 (10th Cir.1990), we review the district court's conclusion that a 2 level increase for obstruction of justice under § 3C1.1 was warranted by applying the clearly erroneous standard. *Id.; United States v. Beaulieu (Ronald Duane),* 900 F.2d 1531 (10th Cir.1990); *see United States v. Cain,* 881 F.2d 980, 982 (11th Cir.1989) (per curiam). Application of this standard requires us to "give due regard to the opportunity of the district court to judge the credibility of witnesses" and to "give due deference to the district court's application of the guidelines" to the district court's factual conclusions. 18 U.S.C. § 3742(e).

Although the district court did not specifically identify which portions of Wallace's testimony it believed to be false, this does not preclude our affirming the district court's enhancement under § 3C1.1. *United States v. Beaulieu (Ronald Duane),* 900 F.2d 1531 (10th Cir.1990). Our review of Wallace's trial testimony reveals that it was replete with internal contradictions and was substantially inconsistent with the evidence put forward by the government. Evidence put forward during trial clearly indicated that the defendant testified falsely concerning the fact whether he had ever bought or sold marijuana in the past. Similarly, the evidence in the record is sufficient to support the conclusion that the defendant was not truthful in his testimony concerning whether or not he intended to purchase marijuana from the confidential informant. Accordingly, we conclude that the district court's 2 level enhancement under § 3C1.1 was appropriate.

■ Wallace's challenge to the district court's refusal to reduce his offense level for acceptance of responsibility pursuant to § 3E1.1 is also unavailing. Under § 3E1.1, a district court may award a defendant a 2 level reduction "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." Because such a demonstration includes consideration of objective factors, *see* § 3E1.1 commentary, and subjective consideration of the defendant's demeanor and sincerity, we have noted that "the sentencing judge is in a unique position to evaluate the defendant's acceptance of responsibility" and that the judge's "determination ... is entitled to great deference on review and should not be disturbed unless it is without foundation." *United States v. Jones,* 899 F.2d 1097, 1100–1101 (11th Cir.1990); *United States v. Spraggins,* 868 F.2d 1541, 1544 (11th Cir.1989).

■ Wallace's efforts to show that the district court's decision was without foundation are belied both by the commentary to § 3E1.1 and by the record. At the time that Wallace was sentenced, Application

Note 4 to § 3E1.1 provided that "[a]n adjustment under this section is not warranted where a defendant perjures himself, suborns perjury, or otherwise obstructs the trial or administration of justice (see § 3C1.1), regardless of other factors."[1] Several courts have interpreted this note as stating that a reduction for acceptance of responsibility is not authorized in instances in which the trial court has found that the defendant obstructed proceedings pursuant to § 3C1.1. *See United States v. Reynolds*, 900 F.2d 1000 (7th Cir.1990) (collecting cases).

For our purposes in this case, we need not hold as a matter of law that, under the version of the Guidelines then in effect, Wallace was wholly precluded from a reduction for acceptance of responsibility. Even if we were to interpret the Application Note as merely creating a powerful presumption that an award for acceptance of responsibility is not appropriate in instances in which the district court has found that the defendant was deserving of an enhancement under § 3C1.1, we would conclude that the record comes nowhere near conclusively rebutting this presumption. For one thing, Wallace never fully accepted responsibility for his criminal conduct before the sentencing judge. Moreover, three months after his arrest on the instant charges, Wallace was found possessing marijuana. We have on prior occasions noted that a defendant's continued criminal conduct after an arrest may provide sufficient grounds to preclude a reduction for acceptance of responsibility under § 3E1.1. *See United States v. Scroggins*, 880 F.2d 1204, 1216 (11th Cir.1989); *United States v. Davis*, 878 F.2d 1299, 1301 (11th Cir.1989) (per curiam). It is therefore evident that the district court's determination was not without foundation. Consequently, we refuse to disturb the court's factual conclusion.

---

1. This Application Note was amended as of November 1, 1989, to read as follows:
   Conduct resulting in an enhancement under § 3C1.1 (Willfully Obstructing or Impeding Proceedings) ordinarily indicates that the de-

Accordingly, we find that both the defendant's convictions and his sentence are due to be

AFFIRMED.

fendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply.