**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**James M. DEMPSEY, Defendant–Appellant.**

**No. 89–6046.**

United States Court of Appeals,
Eleventh Circuit.

April 8, 1992.

Fletcher Peacock, Asst. Federal Public Defender, Ft. Lauderdale, Fla., for defendant-appellant.

Dexter W. Lehtinen, U.S. Atty., Miami, Fla., Karen L. Atkinson, Asst. U.S. Atty., W. Palm Beach, Fla., Linda C. Hertz, Anne R. Schultz, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before EDMONDSON and DUBINA, Circuit Judges, and ATKINS * Senior District Judge.

---

EDMONDSON, Circuit Judge:

After state law enforcement officers saw what appeared to be a street-level narcotics selling operation at a duplex house, they obtained a warrant to search the defendant's part of the duplex for cocaine. The search uncovered two homemade pipe bombs and one homemade hand grenade. After the officers found the bombs in the duplex, they searched the other section and the garage for public safety reasons, to ensure that no other explosives were present. No other bombs were found in the building.

A jury convicted defendant of possessing unregistered firearms and of possessing firearms not identified by a serial number. Pursuant to the Sentencing Guidelines § 2K2.2, defendant's base offense level was set at 12. The sentencing court rejected the two-point downward departure recommended in the presentence investigation report (PSI) for acceptance of responsibility. The court also found that defendant had earlier violations dealing with possession of firearms and increased defendant's base offense level by two because of this aggravating factor. This two-point enhancement gave defendant a total offense level of 14. An offense level of 14 combined with defendant's criminal history category of III results in a sentencing range between 21 to 27 months. The sentencing court, however, departed upward from this range, pursuant to 18 U.S.C. § 3553(b), which permits a judge to sentence a defendant outside the guideline range if there are aggravating circumstances which were unconsidered by the Sentencing Commission when it formulated the pertinent guideline section.

Defendant complains that the district court erred in denying defendant's motion to suppress certain evidence and in finding that there was sufficient evidence to convict him. He also says that he was denied due process because the government failed to seize and to preserve "potentially exculpatory evidence." On these non-sentencing

---

* Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

issues, we conclude defendant's arguments are meritless and, accordingly, affirm his conviction. The errors which defendant argues occurred during the sentencing phase are discussed below.

## I.

■ Defendant argues that the district court erred in not reducing his offense level for acceptance of responsibility. Sentencing Guideline § 3E1.1 provides that if the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, his offense level may be reduced by two levels. U.S.S.G. § 3E1.1(c).

Defendant believes that he was unjustifiably denied the reduction because he pled not guilty and chose to go to trial. He asserts that the court's determination that he had not accepted responsibility lacked foundation.

After defendant's trial and before the sentencing hearing, defendant submitted a signed statement to the court stating that he took "responsibility for committing the crimes charged."[1] At the sentencing, the court found that the statement was inadequate to show acceptance of responsibility. The district judge said, "I presided over this trial, I think I'm in a rather unique position to evaluate it, and find rather clearly that [defendant has] not demonstrated acceptance of personal responsibility in this matter."

In *United States v. Spraggins*, 868 F.2d 1541, 1543 (11th Cir.1989), we wrote that "[b]ecause the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility, the court's determination is entitled to great deference on review and should not be disturbed unless it is without foundation." The record supports the district court's view that defendant failed to demonstrate acceptance of responsibility. Defendant gave no indication of acceptance of responsibility until

the sentencing phase of the proceedings, *after* a jury had found him guilty. *See United States v. Castillo-Valencia*, 917 F.2d 494, 501 (11th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1321, 113 L.Ed.2d 253 (1991) (court may consider defendant's choice to go to trial as factor in determining whether defendant accepted responsibility). In addition, even at sentencing, defendant showed no regret for his acts. When asked by the court what he would like to say in mitigation of punishment, defendant merely stated: "The only thing I can say, I take responsibility for the devices." Therefore, the sentencing court's determination had foundation, and we will not disturb the ruling on appeal.

## II.

■ Defendant also says that the district court erred when it departed from his guideline sentence of 21–27 months, awarding instead a 60 month sentence. A sentencing court may impose a sentence outside the guideline range if the court finds that an aggravating circumstance exists which was inadequately taken into consideration by the Sentencing Commission. 18 U.S.C. § 3553(b). The sentencing court, however, must state the specific reasons for the upward departure. 18 U.S.C. § 3553(c)(2). Defendant claims that the sentencing court in his case failed to state sufficiently specific reasons for the departure.

The district court specifically stated that the following factors warranted departure: defendant had a loaded .357 magnum and a .44 magnum close to him at the time of the search; the "diabolical" nature of the destructive devices; and defendant had paid no income taxes for years. The court also correctly noted that before departing upward, it was required to determine that these aggravating factors were inadequately taken into consideration by the Sentencing Commission. *See United States v.*

---

1. The entire statement read as follows:
   I, James Dempsey, hereby take responsibility for committing the crimes charged against me in the indictment in Case 88–8114–CR–NCR. I did, in fact, possess two metal pipe bombs and one plastic vial filled with gun powder and having a 3½ inch fuse. These destructive devices were in my knowing possession at 177 Manchester Lane, West Palm Beach, Florida on October 6, 1988.

*Shuman*, 902 F.2d 873, 875–76 (11th Cir. 1990). The district court obviously thought that because the explosive devices that defendant possessed were so dangerous, indiscriminate, anti-personnel and capable of seriously injuring a number of people at one time, this was an aggravating circumstance to which the Sentencing Commission had clearly given no consideration when it created section 2K2.2.

In a strikingly similar case, *United States v. Loveday*, 922 F.2d 1411 (9th Cir. 1991), the Ninth Circuit upheld an upward departure from section 2K2.2 where homemade pipe bombs were found in the defendant's home. "Our reading of section 2K2.2 suggests that the Commission did not have in mind the unique dangers homemade bombs pose to public safety." *Id.* at 1415. The court reasoned that, unlike firearms which may be used for sports, recreation or for collection, pipe bombs have no legitimate purpose and "have the potential to kill indiscriminately, without warning, and with less chance that the perpetrator will be caught." *Id.* at 1416. The *Loveday* court was also concerned that *homemade* bombs made by amateurs were likely to be more unstable; and thus, especially when found in a residence, homemade bombs pose a danger to public safety absent with other commercial firearms. *Id.* at 1416–17. Given the uniquely dangerous nature of homemade pipe bombs and hand grenades, we cannot say that it was unreasonable in this case for the district court to believe that the Sentencing Commission had not taken them into consideration when formulating section 2K2.2.

■ In making an upward departure under the guidelines, the departure must be consistent with the goals of the Sentencing Guidelines. *See Shuman*, 902 F.2d at 876 (if Commission did not give adequate consideration to aggravating circumstance, court must determine whether consideration of circumstance is consistent with goals of Sentencing Guidelines). The Sentencing Guidelines list circumstances which the Commission did not incorporate into the guidelines, but which may be appropriate bases for departing from the guidelines.

*Id.* Included in this list is section 5K2.14, which states:

> If national security, public health, or safety was significantly endangered, the court may increase the sentence above the guideline range to reflect the nature and circumstance of the offense.

U.S.S.G. § 5K2.14. In *Loveday*, the court noted that because the defendant's conduct posed a threat to public safety "substantially in excess of that ordinarily involved in the offense," departure was warranted under section 5K2.14. *Loveday*, 922 F.2d at 1417. Just as in *Loveday*, defendant in the present case, with his homemade pipe bombs and hand grenade, posed a significant safety risk to the public. Therefore, the district court's departure was consistent with the goals of the Sentencing Guidelines.

■ The extent of the district court's upward departure must be also reasonable. *See Shuman*, 902 F.2d at 876. In this case, the district court more than doubled defendant's sentence from 21 to 27 months under the guidelines to 60 months. Although this is a significant increase, when compared to the maximum 10 year sentence mandated by the statutes under which defendant was convicted, *see* 26 U.S.C. § 5861(d), (i), 5871, we cannot say the 60 month (5 year) sentence which the district court imposed was unreasonable. *See* 18 U.S.C. § 3742(e)(3)(B) (appellate court should affirm district court's departure per 18 U.S.C. § 3553(b) if departure is reasonable). We again stress the indiscriminate and uniquely dangerous propensity of pipe bombs and grenades.

We AFFIRM defendant's convictions and his sentence.