991 F.2d 792
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tommy Lee OWENS, Defendant-Appellant.
 No. 90-5861.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 11, 1993
Decided: April 20, 1993
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, District Judge. (CR-90-101)
 Gregory Bruce Park, GOODMAN, CARR, NIXON & LAUGHRUN, for Appellant.
 Thomas J. Ashcraft, United States Attorney, Charlotte, for Appellee.
 W.D.N.C.
 AFFIRMED.
 Before RUSSELL, WILKINSON, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Tommy Lee Owens appeals the sentence imposed following a jury verdict of guilty to delaying the mail by a postal employee in violation of 18 U.S.C. § 1703(a). He argues on appeal that the district court erred by imposing a 2-level sentence enhancement for more than minimal planning pursuant to U.S.S.G. § 2B1.3(b)(2) and by imposing a 2-level sentence enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1. We affirm his sentence of 16 months in prison and a 3-year supervised release term.
 
 
 2
 The government's evidence at trial established that Owens was employed as a mail handler in the Charlotte, North Carolina, general mail facility. On the evening of July 10, 1990, four postal inspectors secretly surveilled the mail handling area to which Owens was assigned, the east dock, and a separate area, the west dock, where registered mail was handled. The postal inspectors testified that they observed Owens make three trips over to the west dock and that on the last trip he placed two pouches of registered mail into a hamper, placed a second hamper on top of that one, and rolled them both over to the east dock area. On one of these trips, the inspectors testified that Owens tested a door in the work area which is used only by postal inspectors to gain access to surveillance vantage points over the area. The inspectors testified that they observed Owens take something from his sock and bend over the hamper where the pouches were located. They stated that Owens removed several items from the hamper and placed several letters in his work apron and placed two pouches into a bulk mail container. The inspectors approached Owens and escorted him to an interview room where a search revealed a key which is used to open registered mail pouches. There was testimony that Owens should not have possessed this key. Registered letters were found in Owens's apron pocket. In addition, two pouches containing registry dispatch jackets and over $4000 in cash were recovered from a bulk mail container in Owens's work area.
 
 
 3
 Owens was the only defense witness. He stated that he went over to the west dock area to obtain four empty hampers and that through the evening he came across the registered letters in the east dock area.
 
 
 4
 He said that he placed them in his apron pocket until he could forward them to their proper place. He explained that he found the special key and placed it in his sock because it fell out of his apron pocket. Owens testified that when the postal inspectors approached him on July 10 that they had their firearms drawn but the inspectors denied this. Owens also denied that he told the postal inspectors that he intended to open registered mail on July 10 as the inspectors had testified.
 
 
 5
 The government had the burden of proving by a preponderance of the evidence that the enhancement for more than minimal planning was applicable to Owens. United States v. Urrego-Linares, 879 F.2d 1234, 1239 (4th Cir.), cert. denied, 493 U.S. 943 (1989). Whether the crime involved more than minimal planning is largely a factual determination, therefore appellate review is under the clearly erroneous standard. See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). Although it would assist appellate review, it is not reversible error for a court to fail to identify the specific facts it relied upon to find more than minimal planning. Cf. United States v. Wallace, 904 F.2d 603, 605 (11th Cir. 1990); United States v. Beaulieu, 900 F.2d 1531, 1535-36 (10th Cir.), cert. denied, 497 U.S. 1009 (1990).
 
 
 6
 Owens's argument concerning the more than minimal planning enhancement contains several sub-arguments. We reject Owens's contention that because the government presented no evidence at the sentencing hearing that it failed to carry its burden of proving the applicability of the enhancement. The evidence presented at trial as identified by the presentence report and adopted by the government at the sentencing hearing satisfied the government's obligation. We also reject Owens's argument that the district court failed to make sufficient factual findings when it imposed the enhancement. The district court simply rejected Owens's argument that the enhancement should not apply without explicitly adopting the factors cited by the government. Although the district court likely based its imposition of the enhancement on these factors, the finding made by the district court was sufficiently specific. See United States v. Wallace, 904 F.2d at 605; United States v. Beaulieu, 900 F.2d at 1535-36.
 
 
 7
 In addition, we find that the district court's determination that Owens engaged in more than minimal planning to commit the crime is not clearly erroneous. The evidence supports a finding that Owens walked to a different area from which he was assigned to work and obtained the registered mail. He went there three times and once tested a door which led to the surveillance areas which the postal inspectors were utilizing to observe him. He gained possession of the special key used to open registered mail sometime prior to the commission of the offense. This conduct is more than is necessary for the simple form of the offense. U.S.S.G. § 1B1.1, comment. (n.1(f)).
 
 
 8
 Owens also argues that the district court failed to make specific findings to support the enhancement for obstruction of justice based on untruthful trial testimony. A court may not impose this enhancement simply because the jury convicted the defendant. See United States v. Akitoye, 923 F.2d 221, 228 (1st Cir. 1991); United States v. Barbosa, 906 F.2d 1366, 1369-70 (9th Cir.), cert. denied, 59 U.S.L.W. 3345 (U.S. 1990). Yet, the failure of a district court to specifically identify the portions of testimony it found to be untruthful does not preclude affirming the imposition of the enhancement if the record shows internal inconsistencies in the testimony and that the defendant's testimony was substantially inconsistent with the government's evidence. United States v. Wallace, 904 F.2d at 605.
 
 
 9
 The district court remarked several times at the sentencing hearing that he believed Owens had testified untruthfully at trial. The government pointed out two specific instances of what it believed to be untruthful testimony. These two instances were when Owens testified that he did not take any registered mail from the west dock and when he testified that the postal inspectors had their guns drawn when they approached him on July 10. In addition to these and other inconsistencies between Owens's trial testimony and the government's evidence, there was also a material inconsistency between Owens's trial testimony and a statement he gave the postal inspectors regarding how he came into possession of the special key. Therefore, the district court's imposition of the enhancement is affirmed. See United States v. Wallace, 904 F.2d at 605.
 
 
 10
 Owens also argues that the enhancement for obstruction of justice was error because the district court failed to engage in an analysis of the effect of the untruthful testimony on Owens's prospects for rehabilitation. Owens argues that such an analysis is mandated by United States v. Grayson, 438 U.S. 41 (1978). In Grayson, the Supreme Court reaffirmed the authority of a sentencing judge to consider a defendant's untruthful testimony in imposing sentence. See United States v. Dunnigan, 61 U.S.L.W. 4180 (U.S. 1993). The sentencing judge in Grayson made no explicit analysis such as Owens contends is required. The findings made by the sentencing judge in Grayson are very similar to the findings made in the instant case. Therefore, we cannot find that Grayson required the district court to engage in the type of explicit analysis which Owens advances. See United States v. Barbosa, 906 F.2d at 1369-70.
 
 
 11
 Accordingly, the sentence imposed by the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED