[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 21, 2007
THOMAS K. KAHN
CLERK

No. 07-10392
Non-Argument Calendar

_____

D. C. Docket No. 02-00730-CR-BBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEX ROMERO, a.k.a. Stranger,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(August 21, 2007)**

Before BARKETT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Alex Romero appeals his 400-month sentence for conducting an enterprise

through a pattern of racketeering activity, in violation of 18 U.S.C. § 1961(1) and (5). The racketeering charge was based on predicate acts that included robbery, murder, and dealing of controlled substances. Specifically, Romero admitted to being involved in two second degree murders of rival gang members, one of which involved a chase and shootout on the interstate. Romero argues on appeal that the district court erred by departing upwardly from a high-end guidelines sentence of 327 months to an imposed sentence of 400 months under U.S.S.G. § 5K2.14 based on the danger Romero's crimes created for the public.

When reviewing a district court's application of a departure, we review the district court's (1) legal determinations de novo, (2) factual findings for plain error, and (3) departure for reasonableness. United States v. Brown, 9 F.3d 907, 912 (11th Cir. 1993).[1] The district court may depart from the guidelines under 18 U.S.C. § 3553(b) if "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described [in the guidelines]." 18 U.S.C. § 3553(b).

> [We have] established a three-part test for reviewing an upward
> departure under Section 3553(b): First, was the aggravating

---

[1] We have held that United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) did not change our review of application of the guidelines. United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005).

circumstance taken into consideration by the Sentencing Commission in formulating the Guidelines? Second, if adequate consideration was not given to the circumstance, was consideration of the circumstance consistent with the goals of the sentencing guidelines? If the circumstance was properly taken into account, was the extent of the departure from the guidelines range reasonable?

United States v. Briggman, 931 F.2d 705, 709-10 (11th Cir. 1991). With regard to the first two questions, the Sentencing Commission included a list of circumstances, which it did not incorporate into guidelines controlling offense level or criminal history calculations, but which may be appropriate bases for departure, including U.S.S.G. § 5K2.14. United States v. Dempsey, 957 F.2d 831, 834 (11th Cir. 1992).

Under U.S.S.G. § 5K2.14, a district court may depart upwardly "[i]f national security, public health, or safety was significantly endangered" by the offense. U.S.S.G. § 5K2.14. Generally, the conduct must have posed a threat "substantially in excess of that ordinarily involved in the offense." Dempsey, 957 F.2d at 834. In determining whether it did so, the district court may consider "all pertinent facts and circumstances." Brown, F.3d at 913. In Dempsey, we affirmed an upward departure where the defendant possessed explosive devices – pipe bombs and grenades – that, by their nature, "were so dangerous, indiscriminate, anti-personnel [sic] and capable of seriously injuring a number of people at one time[,]" that they constituted a danger to the public safety. Dempsey, 957 F.2d at 834. Moreover,

3

we held that the upward departure from an high-end sentence of 27 months to an imposed sentence of 60 months was reasonable in light of the 10 year statutory maximum and the "indiscriminate and uniquely dangerous propensity of pipe bombs and grenades." Id.

Upon review of the record and upon consideration of the parties' briefs, we find no reversible error. Here, because Romero created a danger to the public by (1) shooting at rival gang members on public streets and (2) being involved in an interstate chase and shootout with rival gang members, the district court did not err by imposing an upward departure.

**AFFIRMED**