[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 9, 2012
JOHN LEY
CLERK

No. 11-12755
Non-Argument Calendar
_____

D.C. Docket No. 4:10-cr-00080-RH-WCS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN MICHAEL TILCOCK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 9, 2012)

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Kevin Tilcock appeals his sentence of 135 months of imprisonment for conspiring to distribute oxycodone, methadone, and alprazolam, 21 U.S.C. § 846, possessing those illegal drugs with intent to distribute, id. § 841(a)(1), (b)(1)(C), and distributing oxycodone, id. Tilcock challenges the enhancement of his sentence for obstructing justice, United States Sentencing Guidelines Manual § 3C1.1 (Nov. 2010), and the denial of his request to reduce his sentence for accepting responsibility by pleading guilty, id. § 3E1.1. We affirm.

We review the interpretation and application of the Sentencing Guidelines de novo and related findings of fact for clear error. United States v. Doe, 661 F.3d 550, 565 (11th Cir. 2011) (obstruction of justice); United States v. Gupta, 572 F.3d 878, 887 (11th Cir. 2009) (acceptance of responsibility). The finding that a defendant has not accepted responsibility for his criminal conduct is "'entitled to great deference on review and should not be disturbed unless it is without foundation.'" United States v. Knight, 562 F.3d 1314, 1322 (11th Cir. 2009) (quoting United States v. Davis, 878 F.2d 1299, 1301 (11th Cir. 1989)).

The district court did not err when it enhanced Tilcock's sentence for obstructing justice nor when it denied his request for a reduction of his sentence for acceptance of responsibility. During a pre-sentence hearing, Tilcock testified

2

that he had identified Jacob Mason as the person who had made the undercover purchases that led to the charges against him. Tilcock admitted that he had called Mason and had said "If you're still living in Tallahassee, I'll find you and beat your ass"; "I'll come after that whore of yours too"; and "I've got a pistol waiting too." Mason testified that he also had received text messages from Tilcock that stated, "When I see you, I'll get you." The district court did not clearly err in finding that Tilcock had intended to threaten Mason, see id. § 3C1.1 cmt n.4(A), and that Tilcock "ha[d] not accepted responsibility for his criminal conduct," id. § 3E1.1 cmt. n.4.

We **AFFIRM** Tilcock's sentence.