[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15479
Non-Argument Calendar
_____

D.C. Docket No. 4:14-cr-00032-RH-CAS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES RAIMONDI, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(August 13, 2015)

Before TJOFLAT, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

On May 12, 2012, at the Federal Detention Center in Tallahassee, Florida, while Charles Raimondi, Jr., a Detention Center inmate, was conversing with an inmate ("victim"), Rickey Lacey, an inmate, attacked the victim from behind with a "shank" made of razor blades embedded in a tooth brush.  Lacey split the victim's earlobe and cut his face, neck and throat.  The victim's medical treatment included 24-300 stitches.  A piece of a razor blade was found in a drain near where Raimondi had been standing.  Raimondi hid the toothbrush containing a remaining razor blade between his buttocks, where corrections officers found it.

A four-count indictment was returned against Lacey and Raimondi, each charged separately in two counts.  Count Three alleged that Raimondi, in violation of 18 U.S.C. § 2, aided and abetted Lacey's possession of the shank in violation of 18 U.S.C. § § 1791(a)(2), 1791(b)(3), and 1791(d)(1)(B).  Count Four alleged that Raimondi, in violation of 18 U.S.C. § 3, assisted Lacey in order to hinder or prevent Lacey's apprehension, trial or punishment for the commission of an assault with a dangerous weapon with intent to do bodily harm.

Raimondi plead guilty to the two counts pursuant to a plea agreement.  At sentencing, the District Court determined that Raimondi's sentence range under the Guidelines came to 46 to 57 months incarceration.[1]  In doing so, the court denied Ramondi a three-level reduction of his adjusted offense level under U.S.S.G. §

---

[1] An adjusted offense level of 17 and a criminal history category V yielded this sentence range.

2

3E1.1 for acceptance of responsibility because of his post-plea prison conduct, which included possession of a weapon similar to the shank used in Lacey's commission of the assault.  Nonetheless, the District Court departed downward from the sentence range and sentenced Raimondi to concurrent prison terms of 36 months.  He now appeals these sentences, arguing that the District Court erred in denying his request for acceptance of responsibility in calculating his adjusted offense level.

We review the District Court's denial of the acceptance of responsibility adjustment for clear error.  *United States v. Calhoon*, 97 F.3d 518, 531 (11th Cir. 1996).  To find the court's decision clearly erroneous, we must have a "definite and firm conviction that a mistake was committed." *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010) (quotation omitted).

The Sentencing Guidelines allow for a decrease in the offense level by two or three levels if the defendant clearly demonstrates acceptance of responsibility. U.S.S.G. § 3E1.1. The commentary states that while a guilty plea is significant evidence of acceptance of responsibility, it may be outweighed by other conduct that is inconsistent with acceptance of responsibility.  U.S.S.G. § 3E1.1, comment. (n.3).  Additionally, the commentary provides a non-exclusive list of factors to be considered in determining whether a defendant accepted responsibility, including whether the defendant has voluntarily withdrawn from criminal conduct. U.S.S.G.

§ 3E1.1, comment. (n.1).  A wide range of evidence may be considered in determining if the defendant recognizes the wrongfulness of his conduct, has remorse for the consequences, and is willing to turn away from that conduct in the future.  *United States v. Scroggins*, 880 F.2d 1204, 1215-16 (11th Cir. 1989).

We have consistently found that subsequent criminal conduct is a valid basis for denying an acceptance of responsibility adjustment.  *United States v. Davis*, 878 F.2d 1299, 1300-01 (11th Cir. 1989) (holding continued drug use while out on bond supports denying acceptance of responsibility); *United States v. Villarino*, 930 F.2d 1527, 1529-30 (11th Cir. 1991) (holding conviction for nine additional offenses while released on bond supports denying acceptance of responsibility).  Subsequent criminal conduct may be considered even if it is unrelated to the underlying offense.  *United States v. Pace*, 17 F.3d 341, 343 (11th Cir. 1994) (denying adjustment based on subsequent marijuana use when underlying charge was for making false claims against the United States).

Such continued criminal conduct after arrest evidences unwillingness to turn away from the criminal lifestyle that led to the initial arrest, and, therefore, shows the defendant has not accepted responsibility.  *Scroggins*, 880 F.2d at 1215-16 (holding continued use of cocaine supports denying acceptance of responsibility).  The Supreme Court has noted that when a defendant "obviously did not cease his life of crime, receipt of a sentencing reduction for acceptance of responsibility

would . . . [be] so ludicrous as itself to compromise the public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 143, 129 S.Ct 1423, 1433, 173 L.Ed.2d 266 (2009).

The District Court's acceptance of responsibility finding was not clearly erroneous.  Raimondi Jr.'s post-plea prison conduct falls within the type of subsequent criminal conduct that this court has recognized as a valid consideration in determining acceptance of responsibility.  Particularly, Raimondi Jr.'s possession of a weapon similar to that used in the underlying offense is significant evidence that he had not accepted responsibility and turned away from his criminal conduct.  Even Raimondi Jr.'s subsequent criminal actions that were unrelated to the underlying offense, such as the physical violence against another inmate and general refusal to comply with prison officials, are proper considerations in determining whether he has accepted responsibility.  In sum, Raimondi Jr. failed to meet his burden in proving he should have received an adjustment for acceptance of responsibility.

AFFIRMED.