**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Laquisha Q. JOHNSON, Defendant–Appellant.**

**No. 15–12354**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

March 11, 2016.

John Richard Byrne, Wifredo A. Ferrer, John Gonsoulin, Emily M. Smachetti, Arimentha R. Walkins, U.S. Attorney's Office, Miami, FL for Plaintiff–Appellee.

Philip Robert Horowitz, Law Office of Philip R. Horowitz, Esq., Miami, FL, for Defendant–Appellant.

---

1. Because we write for the parties, we set out only those facts necessary to explain our deci-

Before WILSON, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Laquisha Quiette Johnson appeals her convictions for theft of government funds, in violation of 18 U.S.C. § 641, and her total 21–month sentence, imposed at the bottom of the guideline range. Johnson raises several issues on appeal, which we address in turn. After review, we affirm.[1]

## I. DISCUSSION

### A. Sufficiency of the Evidence

Johnson first argues that the district court erred by denying her motion for a judgment of acquittal based on the government's failure to establish the *mens rea* for theft of government funds. Johnson filed a motion for judgement of acquittal at the end of the Government's case, but failed to renew her motion at the close of evidence. We thus review her sufficiency challenge for "manifest miscarriage of justice." *United States v. Jones*, 32 F.3d 1512, 1516 (11th Cir.1994).

There was sufficient evidence presented at trial to establish that Johnson had the requisite *mens rea*. *See United States v. Wilson*, 788 F.3d 1298, 1309 (11th Cir.2015) ("[T]o establish the requisite criminal intent, the government need only prove that defendant knowingly used government property for his own purpose in a manner that deprived the government of the use of that property." (quotation marks omitted)). At trial, the jury heard evi-

sion.

dence that Johnson contacted her financial institution, Higher One, in an attempt to obtain the routing number necessary to route deposits into her Higher One account. Shortly after, the routing number appeared on a number of fraudulent tax returns, and three tax refunds were deposited into Johnson's Higher One account. The illicit source of the deposits was visible to an account user who logs into the Higher One online account. Records demonstrated that the account was accessed both through the online account and through automatic teller machines ("ATMs") located in the town of Opa Locka, where Johnson lived. Physical possession of a Higher One debit card was necessary to access the account through an ATM, and Johnson admitted retaining possession of her debit card. Johnson also admitted to spending more than $56,000 when Higher One closed the account and mailed the balance to her home. Although circumstantial, this evidence is sufficient to prove the requisite intent. *See United States v. McRee*, 7 F.3d 976, 982–83 (11th Cir.1993) (relying on circumstantial evidence to establish *mens rea*). Additionally, Johnson testified that she did not know the source of the funds in her account and believed them to be a windfall. In light of contradictory evidence presented by the Government, the jury was entitled to disbelieve this testimony and rely on it as evidence of guilt. *See United States v. Brown*, 53 F.3d 312, 314 (11th Cir.1995) (explaining that "a statement by a defendant, if disbelieved by the jury, may be considered as *substantive evidence* of the defendant's guilt"—"[a]t least where some corroborative evidence of guilt exists"). There was thus sufficient evidence to support Johnson's convictions.

### B. Obstruction of Justice

Johnson also asserts that the district court erred at sentencing by applying an obstruction of justice enhancement. The Guidelines provide for a two-level enhancement when the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice." U.S.S.G. § 3C1.1. A defendant may obstruct justice by committing perjury during her trial. *United States v. Singh*, 291 F.3d 756, 763 (11th Cir.2002). To find that a defendant perjured herself, the court must conclude that the testimony was made under oath or affirmation, was false, was material, and was made with the willful intent to provide false testimony and not as a result of mistake, confusion, or faulty memory. *Id.* at 763 n. 4.

■ The district court did not clearly err in finding that Johnson committed perjury during her trial. *See id.* at 763 (reviewing factual findings supporting an obstruction of justice enhancement for clear error). The district court found that Johnson committed perjury by giving false testimony at trial. This determination is due great deference. *See id.* ("We ... accord great deference to the district court's credibility determinations." (quotation marks omitted)). The testimony Johnson presented was material and directly contradicted the evidence established by the record. *See id.* ("[A] general finding that an enhancement is warranted suffices if it encompasses all of the factual predicates necessary for a perjury finding." (quotation marks omitted)); *United States v. Wallace*, 904 F.2d 603, 605 (11th Cir.1990) (holding that a district court's failure to outline which portions of the testimony it considered to be false does not preclude review). Thus, the district court did not err in applying the obstruction of justice enhancement.

### C. Production of Unauthorized Access Devices

Finally, Johnson contends that the district court erred at sentencing by imposing

an enhancement for production of unauthorized access devices. Section 2B1.1(b)(11)(B) provides a two-level enhancement for the "production or trafficking" of any "unauthorized access device or counterfeit access device." U.S.S.G. § 2B1.1(b)(11)(B)(i). The district court applied the enhancement, raising Johnson's offense level from 14 to 16.[2]

■ The district court did not clearly err in applying the § 2B1.1(b)(11)(B)(i) enhancement. *See United States v. Cruz*, 713 F.3d 600, 605 (11th Cir.2013) (reviewing the district court's legal conclusions *de novo* and its factual findings for clear error). Johnson was convicted of theft of government property; evidence was presented at trial that she prepared and filed false tax returns using unauthorized Social Security numbers and other identifying information. Thus, the district court did not err when it found that Johnson produced unauthorized access devices within the meaning of § 2B1.1(b)(11)(B)(i). *See* U.S.S.G. § 1B1.3(a)(1)(A) (offense enhancements are determined by "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant").

## II.  CONCLUSION

We affirm Johnson's convictions and sentence.

**AFFIRMED.**

---

**2.** The applicable Guidelines range was 21–27 months, and the district court sentenced Johnson to 21 months. If the district court had declined to apply the § 2B1.1(b)(11)(B)(i) enhancement, the applicable Guidelines range would have been 15–21 months.