**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Patricia SHUMAN and James Rodney Shuman, Defendants–Appellants.**

No. 88–8885.

United States Court of Appeals, Eleventh Circuit.

June 4, 1990.

---

Clyde M. Taylor, Jr., Tallahassee, Fla., for Patricia Shuman.

Lloyd D. Murray, Pembroke, Ga., for James Rodney Shuman.

William H. McAbee, II, Asst. U.S. Atty., Savannah, Ga., for the U.S.

Before TJOFLAT, Chief Judge, ANDERSON and CLARK, Circuit Judges.

TJOFLAT, Chief Judge:

Patricia Shuman and her son and codefendant, James Rodney Shuman (Rodney), appeal their sentences, which were imposed under the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 *et seq.* (1988), and the guidelines promulgated thereunder. We affirm the district court's judgment with respect to both defendants.

## I.

On May 5, 1988, a federal grand jury returned an indictment containing a total of fourteen counts against multiple defendants. Both Ms. Shuman and Rodney were charged with one count of conspiring to possess cocaine with intent to distribute it in violation of 18 U.S.C. § 924 (1988) and 21 U.S.C. § 846 and three counts of possession of cocaine with intent to distribute it in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). Ms. Shuman was charged with an additional count of possession of cocaine with intent to distribute it, and a final count charged that a certain tract of land owned by Ms. Shuman was subject to forfeiture under 21 U.S.C. § 853(a). Rodney was charged with one count of possession of a firearm in violation of 26 U.S.C. § 5861.

Ms. Shuman and Rodney, pursuant to separate plea agreements, both pled guilty to the conspiracy charge in exchange for the Government's dismissal of all other charges. Both defendants appeared before the district court on November 21, 1988 for sentencing. The court found that Rodney was in possession of a firearm during, and was present at, the negotiation of one of the drug transactions that occurred between Ms. Shuman and an undercover police officer during the course of the conspiracy. The court therefore increased Rodney's offense level by two. *See* Sentencing Guidelines § 2D1.1(b)(1) (1989). The court found Rodney's total offense level to be sixteen and his criminal history category to be one and sentenced Rodney to twenty-seven months imprisonment and three years supervised release. This sentence was within the applicable guideline range.

The court found Ms. Shuman's total offense level to be sixteen and her criminal history category to be two, sentenced her to forty months imprisonment and three years supervised release, and imposed a special assessment of $50.00. In imposing Ms. Shuman's sentence, the court departed upward from the applicable guideline range by ten months. The court stated that this departure was appropriate because Ms.

Shuman "voluntarily and wilfully brought her son into a drug business environment[ ] and further facilitated his ability to obtain cocaine."

## II.

■ Rodney argues that the district court's finding that he was in possession of a firearm during the commission of the offense for which he was indicted was clearly erroneous. Specifically, the court found that Rodney "was present when a drug transaction was discussed between Patricia Shuman and [the undercover police officer], and at that time had in his possession a pistol and a shotgun." According to Rodney, because this finding was clearly erroneous, the two-point increase in his offense level was improper.

We have reviewed the testimony of the undercover police officer at the sentencing hearing and have found sufficient evidence to support the district court's finding that Rodney was present at the drug transaction in question and was in possession of a pistol and shotgun. We therefore affirm the district court's judgment with respect to Rodney Shuman.

## III.

Ms. Shuman argues that the ten-month upward departure from the applicable guideline range was unreasonable and an abuse of the district court's discretion. We disagree.

Under 18 U.S.C. § 3553(b), the court must impose a sentence within the applicable guideline range "unless the court finds that there exists an aggravating ... circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." The court, in determining whether the circumstance was adequately taken into account, may consider only the guidelines, policy statements, and official commentaries. *Id.*

■ When reviewing on appeal an upward departure under section 3553(b), we must apply a three-part test. First, was

the aggravating circumstance cited by the district court adequately taken into consideration by the Sentencing Commission in formulating the guidelines? *See* Sentencing Guidelines § 5K2.0. Second, if adequate consideration was not given to the circumstance, was consideration of the circumstance consistent with the goals of the sentencing guidelines? *See United States v. Campbell*, 878 F.2d 164, 165 (5th Cir. 1989). If the circumstance was properly taken into account, was the extent of the departure from the guideline range reasonable? *See id.; United States v. Michel*, 876 F.2d 784, 786 (9th Cir.1989).

██ The district court in this case cited as an aggravating circumstance Ms. Shuman's willful incorporation of her son, Rodney, into the drug-trafficking business. According to the court, Ms. Shuman was responsible for Rodney's easy access to drugs and for his resulting chemical dependency. We agree with the district court that this factor was not taken into consideration by the Sentencing Commission in drafting the guidelines. We therefore must determine whether accounting for this circumstance is consistent with the goals of the sentencing guidelines and whether the resulting ten-month departure was reasonable.

The guidelines provide a list of circumstances that the Commission did not incorporate into the guidelines but that may be considered under section 3553(b). *See* Sentencing Guidelines §§ 5K2.1–.15. The circumstance considered by the district court was not included in that list. However, because the list was intended to identify only "some of the factors" not adequately considered by the Commission, *see id.* § 5K2.0, we are free to explore other sections of the guidelines to determine whether the factor in this case was properly considered.

We note first that the guidelines, in other contexts, consider whether a defendant with custody over another person uses the custodial relationship to achieve his criminal purpose. *See, e.g., id.* § 2A3.1 (if victim of sexual abuse was in custody of the defendant, increase offense level by two).

In the context of sexual abuse, the guidelines state that "the defendant [who has custody of the victim] is a person the victim trusts or to whom the victim is entrusted. This represents the potential for greater and prolonged psychological damage." *Id.* § 2A3.1 background note. Furthermore, we find that the guidelines take into consideration a defendant's use of coercion to accomplish a criminal objective. For example, in the context of transporting a minor for the purposes of prostitution or prohibited sexual conduct, the guidelines provide that, "[i]f the offense involved the use of ... coercion ... in any manner, increase [the offense level] by 4." *Id.* § 2G1.2.

These provisions indicate that the use of a custodial relationship to force or coerce the person in custody to engage in criminal conduct is a valid aggravating factor. Not only is the defendant considered to be more culpable in such cases, but the injury to the person in custody is considered to be greater.

In light of these provisions, we conclude that the district court properly considered Ms. Shuman's abuse of her custodial relationship with Rodney. The district court obviously was concerned about Ms. Shuman's culpability: Ms. Shuman "voluntarily and wilfully brought her son into a drug business environment." Furthermore, it was concerned about the injury resulting to Rodney: Ms. Shuman "facilitated [Rodney's] ability to obtain cocaine so that he has now become addicted to chemical substance." We think these concerns are reflected in other provisions of the guidelines and therefore were proper to consider as aggravating factors.

██ Finally, we must determine whether the ten-month departure from the applicable guideline range was reasonable. We have no difficulty in concluding that it was. The court established Ms. Shuman's total offense level as sixteen and her criminal history category as two. The resulting guideline range is twenty-four to thirty months. *See* Sentencing Guidelines Ch. 5, Part A, sentencing tbl. The court, however, imposed a sentence of forty months imprisonment. With a criminal history category of two, Ms. Shuman's total offense

level would have to have been at least nineteen to warrant a sentence of forty months. Thus, the ten-month departure resulted in the same sentence that would have resulted from a three-level increase in the total offense level.

Such an increase, however, was clearly reasonable. We note that the guidelines call for a two-level increase when a victim of sexual abuse is in the custody of the defendant, *see id.* § 2A3.1(b)(3), and a four-level increase when a defendant has used coercion in transporting a minor for the purposes of prostitution or prohibited sexual conduct, *see id.* § 2G1.2(b)(1). Although the reasonableness of a departure does not always depend on this sort of mathematical precision, we think that the guidelines, in this case, obviously support the reasonableness of the ten-month departure.

The district court properly considered an aggravating factor not adequately accounted for in the guidelines. Furthermore, the district court's departure, based on this factor, was reasonable. We therefore affirm the district court's judgment with respect to Ms. Shuman.

## IV.

For the foregoing reasons, we affirm the district court's judgment with respect to both Patricia Shuman and James Rodney Shuman.

AFFIRMED.