940 F.2d 653
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terry Lee McFADDEN, Defendant-Appellant.
 No. 90-5556.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 25, 1991.
Decided July 29, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Charles E. Simons, Jr., Senior District Judge. (CR-89-259-3)
 John D. Elliott, Columbia, S.C., for appellant.
 E. Bart Daniel, United States Attorney, Mark C. Moore, Assistant United States Attorney, Columbia, S.C., for appellee.
 D.S.C.
 AFFIRMED.
 Before WIDENER and MURNAGHAN, Circuit Judges, BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Terry Lee McFadden was indicted on two counts of unlawful acquisition of food stamps and two counts of distribution of crack cocaine after he gave cocaine base (crack) to an undercover federal agent in exchange for food stamps on two occasions. He entered a guilty plea on the two food stamp charges in exchange for the government's agreement to drop the drug charges. He appeals only the sentence.
 
 
 2
 After McFadden entered his guilty plea, he was released pending sentencing. On the same day, he sold crack to an undercover state agent. As a result of that drug sale, the government moved for an upward departure in sentencing, stating that the guidelines did not sufficiently take into account McFadden's conduct. The government argued that if McFadden had sold the crack to a federal agent, he would have been subject to an additional term of imprisonment under 18 U.S.C. Sec. 3147. We do not decide the merit of that argument because when McFadden sold the crack to the state agent while on bond, he certainly violated an implied term of his plea agreement and his conduct was sufficiently egregious to warrant an upward departure.
 
 
 3
 McFadden objected to the government's motion for upward departure. The court overruled the objection, however, because the guidelines did not take into consideration the circumstances here, namely the involvement of crack in the food stamp fraud and the sale of crack on the day of the guilty plea. McFadden also moved for a two-point reduction for acceptance of responsibility. The court denied the motion because McFadden's sale of drugs on the day of his guilty plea showed that he had no remorse or contrition.
 
 
 4
 The guidelines range for McFadden's criminal history level (II) and offense level (six) was one to seven months. The government recommended imposition of a five-year sentence consecutive to McFadden's state sentence. The probation officer recommended an upward departure. In his calculation of the recommended sentence, the probation officer stated that if McFadden had been convicted of the two drug counts, he could have been sentenced using a base offense level of 16, which carries a 24-30 month sentence at criminal history level II. The court sentenced McFadden to 30 months on each count, to be served concurrently with each other but consecutive to his state sentence, plus a three-year term of supervised release. The court expressly stated that it adopted the findings of the probation officer in the presentence report and that it granted the government's motion for upward departure.
 
 
 5
 McFadden appealed. On appeal, he contends only that the district court erred in setting the extent of the upward departure. He contended that if he had been convicted of the drug offenses and sentenced using a base offense level of 16, the proper sentence would have been 24 months because the amount of crack cocaine involved was at the low end of the amount cited in the guidelines.[1] He concedes that there is no case law supporting his argument. The government contends that the extent of the upward departure was reasonable.
 
 
 6
 The propriety of an upward departure is reviewed under a reasonableness standard. United States v. Summers, 893 F.2d 63 (4th Cir.1990); United States v. Hummer, 916 F.2d 186 (4th Cir.1990), cert. denied, 59 U.S.L.W. 3702 (U.S.1991). In this case, the district court correctly held that Guideline Sec. 2F1.1 did not take into account the harm to society when the food stamp fraud involves an exchange of food stamps for crack. 18 U.S.C. Sec. 3553(b). The commentary to the guidelines recognizes that the amount of the loss (here the $325 value of the food stamps) often does not fully capture the harmfulness of the conduct, and that in such instances an upward departure may be warranted. U.S.S.G. Sec. 2F1.1, comment (n. 9). In this case, the involvement of drugs in the offense carries more potential harm than would a simple exchange of food stamps for money. Therefore, there was an aggravating circumstance not taken into account by the guidelines. Summers, 893 F.2d at 66-67; 18 U.S.C. Sec. 3553(b); U.S.S.G. Sec. 5K2.0.
 
 
 7
 Further, there is an adequate factual basis for departure; McFadden admitted at the plea proceeding that he bought the food stamps with crack. Further, he did not deny that he sold crack after he entered the guilty plea. The district court's finding in this regard was not clearly erroneous. Summers, 893 F.2d at 67.
 
 
 8
 In addition, the district court acted reasonably in departing upward based upon McFadden's crack dealing, as this conduct was certainly relevant. Finally, the extent of the departure was reasonable; the length of the sentence was in the range that would have been used if McFadden pled guilty to the drug counts, and the plea agreement specified that this conduct could be considered in sentencing. See United States v. Shuman, 902 F.2d 873, 876-77 (11th Cir.1990) (reference to analogous guidelines provision appropriate in determining reasonableness of departure).[2]
 
 
 9
 The district court's upward departure and imposition of the 30month concurrent sentences was proper. Therefore, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 The guideline cited in the presentence report covered offenses in which the defendant sold at least 500 milligrams but less than 1 gram of cocaine base (crack); McFadden sold the undercover agent 550 milligrams of crack in exchange for the food stamps. U.S.S.G. Sec. 2D1.1(c)(14)
 
 
 [2]
 The district court made an upward departure under U.S.S.G. Sec. 1B1.4 rather than sentencing McFadden within the guideline range for the relevant conduct under U.S.S.G. Sec. 1B1.2. Therefore, a written stipulation regarding the drug offenses was not necessary. See Braxton v. United States, 59 U.S.L.W. 449 (U.S.1991) (raising but not deciding issue of whether guideline for offense to which defendant did not plead guilty may be applied if stipulation of facts establishing offense is not written)