F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**AUG 24 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARK ANDREW FORSYTHE,

Defendant-Appellant.

No. 97-6250
(D. C. No. 97-CR-26)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

Mark Andrew Forsythe appeals the district court's decision departing upward ten months from the maximum sentence established by the Sentencing Guidelines. The district court based its departure decision on Mr. Forsythe's exploitation of his relationship with his sons and his stepdaughter for criminal purposes. Because the district court appears to have relied on evidence that was not disclosed to Mr. Forsythe and because it did not sufficiently explain the reasons for the degree of departure, we

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

remand for resentencing.

## I.  BACKGROUND

Mr. Forsythe pleaded guilty to a one-count information charging him with engaging in a fraudulent scheme, thereby violating 18 U.S.C. §§ 2 and 1341.  Mr. Forsythe's two sons and his stepdaughter pleaded guilty to related charges.  As explained in the information and the presentence report, Mr. Forsythe and his associates lured time-share owners into paying brokerage fees to them by making false representations about sales prospects.  Through telephone communications, they lulled these individuals into a false belief that the sale of their time-share properties was imminent.  They acquired approximately 600 clients who paid them $326,790.66.  See Rec. vol. II at 4-6 (presentence report).

The presentence report assigned a criminal history category of III and an offense level of seventeen, arriving at a Guideline range of thirty to thirty-seven months.   Prior to sentencing, the district court issued a "Notice of Intention to Consider Departing Upward."  See Rec. vol. I, doc. 13.  The court said that it intended to consider departing upward because Mr. Forsythe, "as a parent, influenc[ed] his children to join in criminal activity."  Id.  The court allowed the parties to respond in writing.

The government declined to take a position on upward departure.  It informed the court that pursuant to its plea agreement with Mr. Forsythe  it would make no

recommendation as to the actual sentence imposed. Mr. Forsythe objected to upward

departure, arguing that his children's involvement in the fraudulent scheme was fully

considered in the applicable Guidelines. Upon considering the parties' submissions, the

district court departed upward ten months from the maximum Guideline sentence,

imposing a forty-seven month term of imprisonment. The court explained the grounds for

upward departure in a written memorandum that it issued when it pronounced the

sentence:

> [T]he defendant's sons, and defendant's step-daughter . . .
> were ages 18, 20, and 27, respectively, when the defendant
> invited and enticed them into his fraudulent business. Thus
> they were all, at their oldest, impressionable young adults who
> were attracted to the defendant's apparent wealth and style of
> living and fell for defendant's persuasive and skillful
> exploitation of his parental influence and their trust in him.
> None realized at first that the father's business was criminal
> in nature. After realizing the scheme was a fraud they
> continued in it at defendant's urging. In willfully and
> purposefully bringing his own family members into his
> criminal activity, he caused [two of them] to relocate with
> their families from other locations to Oklahoma City for that
> purpose. And, unlike the defendant, the children had no prior
> criminal records until falling victim to the defendant's
> influence.
>
> .

Rec. doc. 18, at 2 (Memorandum on the Court's Decision on Departure, filed June 19,

1997) (footnote omitted). The court added that Mr. Forsythe had exploited his children in

other ways: "He also purported to make deductions from their company pay for the

purpose of paying taxes but did not do so and thus stole from all three." Id. at 2 n.1.

3

## II. DISCUSSION

On appeal, Mr. Forsythe first argues that the district court erred in considering the influence he wielded as a parent in inducing his children to join the criminal enterprise. As he did in the district court proceedings, he argues that this kind of parental influence has already been taken into account in other provisions of the Guidelines. He also argues that the district court improperly considered certain evidence that is not in the record and to which he was not afforded an opportunity to respond. Finally, he contends that the district court failed to explain the reasons for the degree of upward departure imposed.

Following the Supreme Court's decision in Koon v. United States, 116 S. Ct. 2035 (1996), we review the district court's departure decision under a unitary abuse of discretion standard. See Koon, 116 S. Ct. at 2047-48; United States v. Collins, 122 F.3d 1297, 1302-03 (10th Cir. 1997). Nevertheless, the nature of appellate review is still guided by the kind of question presented. Collins, 122 F.3d at 1303. We have identified four questions that must be considered in determining whether the sentencing court has abused its discretion in making the departure decision: (1) whether the factual circumstances relied on by the court are permissible factors; (2) whether those factual circumstances "remove the defendant from the applicable Guideline heartland[,] thus warranting a departure;" (3) whether the record sufficiently supports the factual basis for the departure; and (4) whether the degree of departure is reasonable. Id. "In performing this review, Koon tells us that an appellate court need not defer to the district court's

resolution of the first question . . . , but must give 'substantial deference' to the district court's resolution of the second question . . . ." Id. (citing United States v. Rivera, 994 F.2d 942, 951 (1st Cir. 1993)). As to the third and fourth questions, we apply our pre-Koon decisions, mindful that each step of the departure review is subject to the unitary abuse of discretion standard. See id.

## A. Consideration of Parental Influence

A district court must impose a sentence within the range established by the Guidelines unless it determines "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b); see also United States v. Smith, 133 F.3d 737, 746-52 (10th Cir. 1997), cert. denied, 118 S. Ct. 2306 (1998). Thus, a court may depart upward from the Guidelines "if an aggravating circumstance is of a kind not adequately taken into consideration or if the factor is present to an usual degree." Smith, 133 F.3d at 748; see also Koon, 116 S. Ct at 2043-45. "In determining whether a circumstance was adequately taken into consideration, the court shall consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission." 18 U.S.C. § 3553(b).

Here, Mr. Forsythe argues that the district court erred in relying on his parental

5

influence as a basis for upward departure because any such influence was already taken into account by other Guideline provisions that the district court applied to him--USSG §§ 2F1.1(b)(2) and 3B1.1(a). Section 2F1.1(b)(2) provides for increases in the offense level when the defendant engages in more than minimal planning or engages in a scheme to defraud more than one victim. Section 3B1.1(a) authorizes such increases when the defendant acts as a leader or organizer of criminal activity. The commentary accompanying USSG § 3B1.1 indicates that the sentencing court should consider the following factors:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

USSG § 3B1.1 comment. (n. 4).

Whether parental influence is adequately taken into account under the Guidelines is a legal question, and, as a result, we need not defer to the district court's determination. See Collins, 122 F.3d at 1303. Nevertheless, upon considering the Guidelines and accompanying commentary, we agree with the district court that the use of parental influence in furtherance of a criminal enterprise may serve as a basis for upward departure.

We begin with the text of the applicable Guidelines. Neither of the sections under

6

which the district court enhanced Mr. Forsythe's sentence (§§ 2F1.1(b)(2) and 3B1.1(a)) lists a parent's influence over his or her children as a factor to be taken into account in sentencing. Although the accompanying commentary to these sections does discuss a number of general factors that may be considered, it too does not specifically address the abuse of parental authority during a criminal enterprise.

Moreover, other provisions of the Guidelines do not expressly prohibit the consideration of parental influence in upward departure decisions. To be sure, USSG § 5H1.6 provides that "[f]amily ties and responsibilities . . . are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." However, as the government observes, § 5H1.6 has been generally applied to prohibit downward departures on the basis of the family responsibilities of the defendant at the time of sentencing. See, e.g., United States v. Archuleta, 128 F.3d 1446, 1449-52 (10th Cir. 1997); United States v. Rodriguez-Velarde, 127 F.3d 966, 968-69 (10th Cir. 1997); United States v. Ziegler, 39 F.3d 1058, 1062 (10th Cir. 1994). Additionally, § 5H1.6 is contained in the part of the Guidelines concerning "specific offender characteristics." Section 5H1.6, and the accompanying provisions of part H of the Guidelines, address "the relevance of certain offender characteristics to the determination of whether a sentence should be outside the applicable guideline range." USSG, part H, intro. comment. Section 5H1.6 does not address the manner in which an offense is committed. See generally Zeigler, 39 F.3d at 1062. (discussing offender characteristics set forth in part

7

H).

Additionally, as the Eleventh Circuit has noted, "[t]here is ample precedent for departing upward based on a defendant parent's influencing his or her children to join in criminal activity." United States v. Ledesma, 979 F.2d 816, 822 (11th Cir. 1992); see also United States v. Jagim; 978 F.2d 1032, 1042 (8th Cir. 1992); United States v. Porter, 924 F.2d 395, 399 (1st Cir. 1991); United States v. Christopher, 923 F.2d 1545, 1556 (11th Cir. 1991); United States v. Shuman, 902 F.2d 873, 876 (11th Cir. 1990). Those decisions are supported by the commentary to USSG § 3B1.1. Section 3B1.1 provides that a defendant's offense level may be increased because of his or her role in the offense, and the accompanying commentary explains that the court may consider "the degree of control and authority exercised over others" in assessing the defendant's role. USSG § 3B1.1 comment. (n.4). Although the commentary does not mention the control and authority that a parent may exercise over his or her children, such parental influence may afford a defendant an "unusual degree" of authority or control, see Smith, 133 F.3d at 748, such that upward departure is warranted.

Accordingly, we agree with the district court that the use of parental influence to induce one's child to join in criminal activity may provide a basis for upward departure from the Guideline range of sentences.[1]

---

[1] Whether such parental influence is actually present in any given case is a factual question. In light of the procedural deficiencies in the district court's upward departure decision (discussed below), we do not address that factual question here.

## B. Consideration of Evidence Not in the Record

Mr. Forsythe next argues that the district court improperly considered facts not in the record in making its decision to depart upward. He points to the district court's reference to Mr. Forsythe's children's attraction to his wealth, to his "persuasive and skillful exploitation of his parental influence and their trust in him," and to his false statements to them that he made deductions from the company to pay taxes. See Rec. vol. I doc. 18, at 2. Mr. Forsythe maintains that these factual contentions are not set forth in the presentence report and are not contained anywhere else in the record. He argues that by failing to notify him of evidence considered at sentencing and failing to provide him an opportunity to respond, the district court violated Fed. R. Crim. P. 32(c)(3)(A). Mr. Forsythe's challenge to the procedures employed at sentencing raises a legal question that we consider de novo. See United States v. Taylor, 135 F.3d 478, 481 (7th Cir. 1998).

Rule 32 of the Federal Rules of Criminal Procedure directs the probation office to make a presentence investigation and report, see Fed. R. Crim. P. 32(b), and affords the defendant and his counsel the opportunity to review the report prior to sentencing, see Fed. R. Crim. P. 32(c). It further provides that the sentencing court shall give the defendant and the defendant's counsel a reasonable opportunity to comment on information considered at sentencing. See id. Rule 32 insures "focused, adversarial development of the factual and legal issues relevant to determining the appropriate

9

Guidelines sentence." Burns v. United States, 501 U.S. 129, 134 (1991).[2]

In light of these requirements, a number of courts have remanded cases for resentencing in instances in which the sentencing judge has relied on material that was not disclosed to the defendant. These decisions are based not only on the provisions of Rule 32 but also on considerations of fundamental fairness to the defendant. See, e.g., United States v. Curran, 926 F.2d 59, 62 (1st Cir. 1991) ("However broad the district court's discretion may be in determining the appropriate procedure for availing the defendant an opportunity to challenge information in a presentence report, 'some process was due by which [defendant] could challenge the accuracy of presentence information presented to the district court.'" (quoting United States v. Romano, 825 F.2d 725, 729 (2d Cir. 1987)); United States v. Alvarado, 909 F.2d 1443, 1446 (10th Cir. 1990) ("'[F]airness to the defendant in this case requires that he be apprised in detail of the nature of the adverse information on which the court relied in passing sentence.'" (quoting United States v. Perri, 513 F.2d 572, 575 (9th Cir. 1975)).

For example, in Alvarado, the district court relied on its in camera review of information from a confidential informant to increase the defendant's offense level

---

[2]    Rule 32 exempts from the disclosure requirement certain material that may be contained in a presentence report: "diagnostic opinions that, if disclosed, might seriously disrupt a program of rehabilitation; . . . sources of information obtained upon a promise of confidentiality; or . . . any other information that, if disclosed, might result in harm, physical or otherwise, to the defendant or other persons." Fed. R. Crim. P. 32 (b)(5). These exceptions are not applicable here.

10

because he had served as an organizer, leader, manager, or supervisor. We concluded that "[t]he district court's determination of [the defendant's] sentence, based partially on material to which defendant was denied access, conflicts with the law of this circuit requiring that a defendant be permitted to 'rebut or explain allegations made in a sentencing proceeding.'" Alvarado, 909 F.2d at 1446 (quoting United States v. Shepherd, 739 F.2d 510, 515 (10th Cir. 1984)). Accordingly, we remanded the case for further proceedings.

Similarly, in United States v. Otero, 868 F.2d 1412, 1415 (5th Cir. 1989), the court vacated a sentence and remanded for resentencing because "neither the probation officer's report nor any action by the court put [the defendant] on notice that the cocaine might be considered of unusually high purity or that, if it were found to be, the court might adjust the sentence imposed." See also United States v. Manrique, 959 F.2d 1155, 1158 (1st Cir. 1992) ("[W]hen a court relies on facts or factors not raised in the [presentence report] when sentencing a defendant, notice of this reliance must be given to the defendant and counsel, so that they many have an opportunity to challenge the accuracy of the facts on which the court will base the sentence."); Curran, 926 F.2d at 62 (vacating a sentence and remanding for resentencing because the district court reviewed letters that contained factual statements and recommendations regarding the appropriate sentence and that were not disclosed to the defendant).

A district court may rely upon statements made in proceedings involving codefendants where the defendant was not present, including pleas, trials, and sentencings. See United States v. Davis, 912 F.2d 1210, 1213-14 (10th Cir. 1990); United States v. Beaulieu, 893 F.2d 1177, 1180-81 (10th Cir.), cert. denied, 497 U.S. 1038 (1990). If such information is not present in the presentence report, it will be necessary to alert the defendant, and make a finding if such information is disputed. Here, the district court informed Mr. Forsythe of the general issue---parental influence over his children to join criminal activity---but did not indicate in advance that evidence outside the presentence report would be considered. While Mr. Forsythe responded to the general issue and denied it, no evidence in the record suggests that he was aware of specific facts (as opposed to inferences from those facts) that the district court would rely upon. For example, the district court relied upon statements concerning unfunded payroll tax deductions that Mr. Forsythe did not address in his response.

We agree with the government that the evidence cited by the district court does provide some support for the court's conclusion that Mr. Forsythe's exploitation of his relationship with his children warranted an upward departure. Having reviewed the record and the briefs on appeal, however, we cannot say that the district court's error was harmless error. See United States v. Garcia, 78 F.3d 1457, 1465 (10th Cir.), cert. denied, 517 U.S. 1239 (1996). We must therefore remand. On remand, the district court should provide Mr. Forsythe with all the evidence regarding his relationship with his children on

which it intends to rely in considering upward departure and should allow him an opportunity to respond to that material pursuant to Fed. R. Crim. P. 32. After it has afforded Mr. Forsythe an opportunity to respond to this evidence, the district court should then decided whether an upward departure is warranted. See Alvarado, 909 F.2d at 1447 ("Whether the court will make the same decision after [the defendant] has an opportunity to respond to the information revealed to him . . . remains to be seen.").

### C.   Reasons for Degree of Departure

Finally, Mr. Forsythe argues that the district court failed to provide the required explanation for the degree of upward departure. We agree.

When a sentencing court departs upward from the Guidelines, it must explain not only the basis for departure but also the reasons why a particular degree of departure is warranted. See United States v. Yates, 22 F.3d 981, 991 (10th Cir. 1994) ("[A] district court's justification for an upward departure does not by itself supply a rationale for the specific degree of departure selected, and we, as a reviewing court, are not able to supply that rationale."); United States v. Flinn, 987 F.2d 1497, 1502 (10th Cir. 1993) ("This circuit has consistently . . . reiterated that the district court must specifically articulate reasons for the degree of departure so that the appellate court may properly review the reasonableness of the sentence. . . . [E]xplanation of why a departure is made does not fulfill the separate requirement of stating the reasons for imposing the particular

13

sentence."); <u>United States v. Jackson</u>, 921 F.2d 985, 990 (10th Cir. 1990) ("[T]he district court's enunciation of an adequate explanation for a departure sentence is a threshold requirement, mandated by statute."); 18 U.S.C. § 3553(c)(2) (requiring the district court to state at the time of sentencing "the specific reason for the imposition of a sentence different from that described [in the Guidelines].").

In determining the degree of departure, the district court should consider "the district court's proffered justifications as well as such factors as: the seriousness of the offense, the need for just punishment, deterrence, protection of the public, correctional treatment, the sentencing pattern of the Guidelines, the policy statements contained in the Guidelines, and the need to avoid unwarranted sentencing disparities." <u>United States v. White</u>, 893 F.2d 276, 278 (10th Cir. 1990) (citing 18 U.S.C. §§ 3742(e)(3) and 3553(a)). Although the court is not required to explain the degree of departure with mathematical precision, it still should "justify the departure by analogy to or extrapolation from the Guidelines." <u>United States v. Arutunoff</u>, 1 F.3d 1112, 1120 (10th Cir.1993); <u>see also</u> <u>United States v. O'Dell</u>, 965 F.2d 937, 939 (10th Cir. 1992) ("Our opinions have required the district court to explain the specific degree of departure by providing some method of analogy, extrapolation or reference to the sentencing guidelines."); <u>United States v. Roth</u>, 934 F.2d 248, 252 (10th Cir. 1991) ("[T]he sentencing court should draw analogies to offense characteristic levels, criminal history categories, and other principles in the guidelines to determine the appropriate degree of departure.").

14

Here, the district court's memorandum on departure does not comply with these requirements. Although the court's memorandum states that upward departure is warranted because of Mr. Forsythe's exploitation of his relationship with his sons and stepdaughter, it contains no explanation of why the particular degree of departure selected by the court is justified. There is no reference to offense levels for analogous offenses, criminal history categories, or any other provisions of the Guidelines. In the absence of any explanation of the degree of departure selected, we are unable to review the district court's decision. See United States v. Okane, 52 F.3d 828, 837 (10th Cir. 1995) (concluding that the district court's statement that "a criminal history category of 3 more appropriately represents [the defendant's] prior criminal conduct" failed to provide an adequate explanation of the reasons for the degree of departure); Flinn, 987 F.2d at 1503 (concluding that the district court's explanation of the reasons for the degree of departure selected was inadequate).[3]

---

[3]     In its answer brief, the government notes that the Ninth Circuit has held that, in light of the Supreme Court's decision in Koon, it is no longer necessary to draw analogies to the Guidelines in determining the degree of upward departure. See United States v. Sablan, 114 F.3d 913, 918-19 (9th Cir. 1997) (en banc). However, this circuit has not adopted this reading of Koon. In Collins we reaffirmed that the sentencing court "may use any 'reasonable methodology hitched to the Sentencing Guidelines to justify the reasonableness of the departure,' which includes using extrapolation from or analogy to the Guidelines." Collins, 122 F.3d at 1308 (quoting Jackson, 921 F.2d at 989-90 (quoting United States v. Harris, 907 F.2d 121, 124 (10th Cir. 1990))).

## III. CONCLUSION

For the reasons set forth above, we conclude that a parent's exploitation of the relationship with his or her children in furthering a criminal enterprise may warrant an upward departure from the sentence established by the Guidelines. However, in this case, we further conclude that, pursuant to Fed. R. Crim. P. 32, the district court should have notified Mr. Forsythe of the evidence concerning his relationship with his children that it considered in deciding to depart upward. We also conclude that the district court failed to provide an adequate explanation of the reasons for the degree of departure that it imposed.

Accordingly, we remand the case for resentencing consistent with this opinion. On remand, the district court should disclose to Mr. Forsythe, pursuant to Fed. R. Crim. P. 32, all of the evidence that it will consider in making the upward departure determination and should afford him the opportunity to respond to that evidence. If it then decides to depart upward from the Guidelines, the court should state not only the reasons that departure is warranted but also the reasons supporting the particular degree of departure imposed.

Entered for the Court

PER CURIAM

16