McKAY, Circuit Judge,
dissenting:
I respectfully must dissent. I am not persuaded that U.S.S.G. § 5K2.12, “Coercion and Duress,” is the proper framework for analyzing a claim of parental influence.
In this case, the district court partly justified its downward departure on “the influence that was [w]ielded by [Ms. Contreras’ father,] Mr. Gabriel Aguirre.” The court presumably based this determination on the following facts: Mr. Gabriel Rodriguez-Aguirre managed a family-run organization specializing in the sale and distribution of large amounts of marijuana and cocaine, see United States v. Contreras, 108 F.3d 1255, 1258 (10th Cir.1997), and he influenced his daughter, the defendant in this case, to join his criminal enterprise. In analogizing “Coercion and Duress” to “parental influence,” the majority tacitly concedes that the Sentencing Guidelines do not directly address the notion of parental influence. I think the analogy is an odd one that does not coincide with my experience. In my view, a parent’s unique position vis-a-vis his or her child is substantially different from the traditional notion of coercion. For several reasons, I believe that the concept of parental influence does not fall within the rubric of coercion and duress but is a distinct type of influence that was not considered by the Guidelines.
*1215 First, coercion analysis is inappropriate in all cases of parental influence. While evidence of a threat of physical injury or damage to person or property may exist in some cases, requiring such evidence in all cases asserting parental influence ignores the nature of the filial relationship in which a child loves and obeys a parent. Indeed, filial piety has been recognized as underlying a permissible basis for a downward departure. See United States v. Monaco, 23 F.3d 793, 800 (3d Cir.1994) (determining that defendant-father’s anguish over bringing child into criminal activity was proper basis for downward departure, especially where adult child had “dutifully and unquestioningly honor[ed] his father’s request”).
Additionally, I find it equally odd that conduct which justifies upward departures does not justify downward departures for the victims of the conduct. Circuit decisions which have sanctioned upward departures for a parent based on the parent’s influencing a child to join the criminal activity are instructive. For example, the Fourth Circuit held that an upward departure was warranted even absent coercion where “the parent exposes the child to a drug business environment and thereby facilitates the child’s ability to obtain illegal drugs.” United States v. Locklear, 41 F.3d 1504, 1994 WL 642196, at *3 (4th Cir.1994) (Table). This court, as well as the First, Eighth, and Eleventh Circuits, have also analyzed the parental-influence question without relying on coercion. See United States v. Forsythe, 156 F.3d 1244, 1998 WL 539462, at *4 (10th Cir.1998) (holding that the use of parental influence to induce one’s child to join in criminal activity may provide a basis for upward departure); United States v. Ledesma, 979 F.2d 816, 822 (11th Cir.1992) (affirming sentence enhancement under U.S.S.G. § 3B1.3 because defendant, as mother, held a position of trust which she abused when she involved her daughter in the drug conspiracy); United States v. Jagim, 978 F.2d 1032, 1042 (8th Cir.1992) (affirming upward departure partly based on fact that defendant’s “nephew, while perhaps not a ‘vulnerable victim’ within the meaning of U.S.S.G. § 3A1.1 ..., nevertheless was dragged into the [tax shelter fraud] conspiracy by his uncle in part because of the familial relationship”); United States v. Porter, 924 F.2d 395, 399 (1st Cir.1991) (upholding upward departure based on finding that defendant had urged his son to rob another bank to obtain money for his (defendant’s) bail); United States v. Christopher, 923 F.2d 1545, 1556 (11th Cir.1991) (affirming upward departure that was premised in part on the defendant’s “apparent willingness to corrupt members of his family, including his own children, by involving them in criminal activities”); United States v. Shuman, 902 F.2d 873, 875-76 (11th Cir.1990) (affirming upward departure under 18 U.S.C. § 3553(b) for defendant’s willful incorporation of her son into the drug-trafficking business and his resulting chemical dependency and easy access to drugs). Each of these cases recognized the unique ability of a parent, or parental figure, to influence a child. Cf. Jagim, 978 F.2d 1032 (uncle-nephew relationship). I cannot see how the essence of that relationship would change depending on whether the court is examining it for an upward or a downward departure.
It is also significant that nothing in the Guidelines indicates that § 5K2.12, the coercion and duress factor, was intended to cover the parent-child relationship.[1] Moreover, all of the cases mentioned above *1216 addressing whether parental influence is a permissible basis for an upward departure sanctioned the departures based on U.S.S.G. § 5K2.0 or 18 U.S.C. § 3553(a) and (b), after finding that the Guidelines do not specifically discuss “the abuse of parental authority in a criminal enterprise.” Forsythe, 1998 WL 539462, at *3; see, e.g., Shuman, 902 F.2d at 876 (stating that parental influence factor was not taken into consideration by the Sentencing Commission in drafting the Guidelines and concluding that the use of a custodial relationship to force child to engage in criminal conduct is a valid aggravating factor); see also Locklear, 1994 WL 642196, at *3 (analyzing propriety of upward departure based on parental influence under § 5K2.0); Jagim, 978 F.2d at 1042 (evaluating upward departure for parental influence under § 5K2.0 and 18 U.S.C. § 3553(b)); Porter, 924 F.2d at 399 (same). Likewise, no section of the Guidelines, including § 5H1.6 (“Family Ties and Responsibilities”), specifically addresses a parent’s influence over a child in the context of a downward departure. In other words, no Guideline provision expressly prohibits or discourages the consideration of parental influence in downward departure decisions. At the same time, the Guidelines have aimed to provide special protection to minors and others in custodial care, albeit in other contexts. See, e.g., U.S.S.G. § 2D1.2 (prescribing sentence enhancement for distributing drugs to a minor); § 2A3.1 (increasing sentence for sexual abuse if the victim was a minor or in the custody, care, or supervisory control of the defendant).
Finally, I think parental influence constitutes a mitigating circumstance under 18 U.S.C. § 3553 which, under the right facts, could sustain a downward departure. One kind of mitigating circumstance that would justify a downward departure is one which “somehow reduces a defendant’s guilt or culpability. It is a circumstance that ‘in fairness and mercy[ ] may be considered as extenuating or reducing the degree of moral culpability.’ ” United States v. Newby, 11 F.3d 1143, 1148 (3d Cir.1993) (citation omitted), limited as dicta by Monaco, 23 F.3d at 802-03 (listing other circumstances which are relevant to and have justified downward departures even though not indicative of reduced guilt or culpability). I am of the view that parental influence is exactly the type of mitigating circumstance which may reduce a defendant’s guilt because it speaks directly to her personal responsibility in entering the criminal enterprise.
I therefore would hold that parental influence is a “ ‘mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines.’” U.S.S.G. § 5K2.0 (quoting 18 U.S.C. § 3553(b)). Accordingly, where the facts of a case take it outside the “heartland” of cases considered by the Guidelines, parental influence may warrant a downward departure. See Koon v. United States, 518 U.S. 81, 96, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). For these reasons, I would analyze Ms. Contreras’ claim of parental influence in its own right, unconstrained by a § 5K2.12 analysis.
Admittedly, the evidence from which the sentencing court concluded that parental influence provided a basis for a downward departure is not overwhelming. However, in light of the great deference we owe to the sentencing court’s findings that a particular defendant is within or outside the Guidelines’ heartland of cases given all the facts of the case, see United States v. Collins, 122 F.3d 1297, 1302-03 (10th Cir.1997), and the alacrity with which we routinely sustain “enhancements,” “upward departures,” and findings of “relevant conduct” on equally thin evidentiary support, I would have no trouble affirming the decision to depart downward in this case.[2]

. In fact, I could find only one case in which the parent-child relationship was analyzed in this context, based upon the defendant's raising § 5K2.12 as a claim of error. See United States v. Vela, 927 F.2d 197, 200 (5th Cir.1991). In that case, the Fifth Circuit rejected the defendant’s claim that the district court erred in refusing to depart downward on the basis of parental coercion. The court stated that no threat of violence to person or property occurred, and, "moreover, any improper influence that may be attributed to [defendant’s] mother did not amount to coercion so serious that, even without threats, it justified a downward departure.” Id,

. Although I agree with the majority’s determination that the sentencing court improperly based the downward departure on a disparity *1217 in sentences, I would not remand this case because I think that the district court " 'would have imposed the same sentence absent reliance on the invalid factor[].’ " Collins, 122 F.3d at 1303 n. 5 (quoting Koon, 518 U.S. at 113, 116 S.Ct. 2035).